UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN GOBLE**, *et al.*,

    Plaintiffs,      :      Case No. 2:20-cv-5577

v.      Judge Sarah D. Morrison
Magistrate Judge Chelsey M.
**TRUMBULL INSURANCE CO.**,      Vascura
     :
    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Trumbull Insurance Co.'s Motion to Dismiss. (ECF No. 39). Trumbull brings its motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Plaintiffs lack standing and that they have failed to state a claim. For the reasons that follow, the Court **DENIES** Trumbull's Motion.

I.     PLAINTIFFS' ALLEGATIONS

Plaintiffs John and Paula Goble filed this action as a purported class action against Trumbull, a Connecticut corporation with its principal place of business in Connecticut. (ECF No. 35, Am. Compl.) Trumbull is a "property insurer that sells property insurance coverage for, *inter alia*, homeowners, condo and/or commercial buildings" in Ohio and other states. (¶ 7.)

The Gobles were insured against property damage on their residence in Dublin, Ohio by Trumbull; Policy No. 55RBD944752 covered direct physical loss to the dwelling and other structures on the insured property except as specifically

1

excluded or limited ("the Policy"). (¶¶ 11–14.) On September 1, 2019, the Gobles suffered damage covered by their Policy. (¶¶ 14–16.)

The Gobles dispute how Trumbull calculates the amount it will pay for structural damage losses using an actual cash value ("ACV"). To establish its ACV, Trumbull estimates the cost to repair or replace the damage with new materials (the replacement cost value, or "RCV"), then subtracts the estimated depreciation. (¶ 17.) The Gobles allege, on their own behalf and on behalf of a purported class, that this "replacement cost less depreciation" ACV is a breach of their Policy and similar policies because the policies do not contain a labor depreciation permissive form. (¶¶ 18, 24–31.)

In addition to their ACV claim, the Gobles allege that Trumbull breached the Policy by failing to properly estimate and pay for the window damage part of their loss on September 1, 2019. (¶ 55.)

## II. PROCEDURAL HISTORY

John Goble filed this action on October 26, 2020. (ECF No. 1.) More than a year later and after Trumbull filed two motions to dismiss, Mr. Goble filed a first amended complaint ("FAC") that, among other things, added his wife as a named plaintiff. (ECF No. 35.) Trumbull then answered the FAC (ECF No. 38) and moved to dismiss the Gobles' claims for lack of subject matter jurisdiction and for failure to state a claim for the damages to their windows (ECF No. 39). It is this renewed motion that is now before the Court.

### III. SUBJECT MATTER JURISDICTION

The first part of Trumbull's Motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that the Gobles do not have standing to bring their claims. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Gentex Bldg. Prods. Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (internal quotations omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

Article III "[s]tanding is a jurisdictional requirement," and "[i]f no plaintiff has standing, then the court lacks subject-matter jurisdiction." *Tennessee Gen. Assembly v. U.S. Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019). "Once standing concerns arise—whether raised by defendants, or *sua sponte* by the Court in meeting its obligation to ensure its own jurisdiction—Plaintiffs carry the burden to

3

establish that standing requirements are met." *Solis v. Emery Fed. Credit Union*, 459 F. Supp. 3d 981, 988 (S.D. Ohio 2020) (Cole, J.) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

There are two "related but distinct inquiries" when analyzing a plaintiff's standing. *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 348 (6th Cir. 2007). For the first inquiry, a plaintiff must establish constitutional standing: "(1) that they have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical, (2) that a causal link exists between the injury and the conduct complained of, . . . and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Midwest Media Prop., LLC v. Symmes Twp., Ohio*, 503 F.3d 456, 461 (6th Cir. 2007) (quotations and citations omitted).

The second standing inquiry is for prudential standing, which is a judicially created doctrine relied on as a tool of "judicial self-governance." *Warth v. Seldin*, 422 U.S. 490, 500 (1975). Prudential standing requires that a "plaintiff's complaint fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question," *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 475 (1982) (quotations and citations omitted), and precludes federal litigation "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens," or where instead of litigating "his own legal rights

4

and interests," the plaintiff instead purports to "rest his claim to relief on the legal rights or interests of third parties," *Warth*, 42 U.S. at 499 (citations omitted).

### A. The Gobles have standing to bring their individual claims.

Trumbull's first standing argument is that the Gobles do not have an "injury in fact" because they were not able to identify the damages that they had suffered during their depositions. (Memo, PageID 1237.) In support of their argument, Trumbull provides evidence that any withheld depreciation was fully paid to the Gobles by October 2019 (*id.*, PageIDs 1238–39) and the deposition testimony of the Gobles in which neither could articulate if they had been damaged or, if they had, the amount of their damages (*id.*, PageIDs 1239–41). In response, the Gobles argue that they need an expert witness to calculate their damages and that they are entitled to prejudgment interest. (Memo Contra, PageIDs 1391, 1395.)

The Gobles do have standing. As the Sixth Circuit has recognized, injuries under Article III "[do] not depend on allegation of financial loss." *Springer v. Cleveland Clinic Emp. Health Plan Total Care*, 900 F.3d 284, 287 (6th Cir. 2018); *see also Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371 (8th Cir. 2018). The allegations in *Stuart* are similar to the allegations in this case. In *Stuart*, State Farm calculated an ACV (replacement cost less depreciation including labor) and paid that ACV to an insured that experienced a loss under his or her policy; if the insured completed repairs to the property and the repairs cost more than the ACV, he or she would then receive the full RCV that included the depreciated labor. 910 F.3d at 374. State Farm argued that the plaintiff and many of the putative class

5

members lacked standing because insureds who had completed repairs had not suffered any injury—after repairs were complete, those insureds were paid the full RCV, including the depreciated labor. *Id*. at 377. The Eighth Circuit rejected State Farm's standing argument, concluding that "a party to a breached contract has a judicially cognizable interest for standing purposes, regardless of the merits of the breach alleged." *Id*. (quoting *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 716 (8th Cir. 2017)); *see also Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 463 (6th Cir. 2020); *Springer*, 900 F. 3d at 287 (even if the plaintiff had not suffered a financial loss, he was denied "the benefit of his bargain" in his insurance contract). Likewise, in *Davis v. GEICO Casualty Co.*, it did not matter for standing purposes that some plaintiffs could never have received a payment from the insurer because the payments would go to a lienholder, "[t]he denial of the benefit of their contracts [was] sufficient injury to confer Article III standing." No. 2:19-cv-2477, 2021 WL 5877843, at *3 (S.D. Ohio Dec. 13, 2021) (Sargus, J.).

In this case, the Gobles have sufficiently alleged the denial of the benefit of their contract with Trumbull. They allege that they (and the putative class members) received an ACV payment that had been improperly reduced for depreciated labor costs. And, as for their window claim, they also allege that the Trumbull failed to promptly pay the amounts owed to them under their Policy. These are sufficient legal injuries for Article III standing.

6

### B. The Gobles have standing to assert class claims.

Trumbull also seeks to dismiss the class allegations in the FAC, arguing that John Goble (1) lacks standing in his own right, which precludes his standing to bring class claims, (2) is an inadequate class representative, and (3) has no standing to represent putative absent class members in states other than Ohio. (Motion, PageIDs 1250–52.) They also argue that Paula Goble lacks standing because she "has admitted" she is an inadequate class representative. (*Id.*, PageIDs 1252–53.) None of these arguments support dismissal of the claims at this time.

First, as discussed above, Mr. Goble does have standing in his own right.

Trumbull's second and third arguments are not relevant to the Court's standing analysis but are more appropriately resolved at the class-certification stage. Whether or not the Gobles are adequate class representatives is not a question of subject matter jurisdiction. Similarly, the Gobles have standing to represent non-Ohio putative class members "as long as the named plaintiffs have standing to sue the named defendants." *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 96 (2d Cir. 2018). Trumbull's argument that it is improper for Plaintiffs' proposed class to include out-of-state class members with claims subject to different state laws "is a question of predominance under Rule 23(b)(3) . . . not a question of 'adjudicatory competence' under Article III." *Id.* at 94; *see also Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011); *Dragoslavic v. Ace Hardware Corp.*, 274 F. Supp. 3d 578, 585 (E.D. Tex. 2017) (fact that putative class representative did not reside or purchase products in states where putative

7

class members resided or purchased products did not implicate class representative's standing to bring claims on behalf of class). "Once threshold individual standing by the class representative is met, a proper party to raise a particular issue is before the court, and there remains no further separate class standing requirement in the constitutional sense." *Broquet v. Microsoft Corp.*, No. cc-08-094, 2008 WL 2965074, at *2 (S.D. Tex. July 30, 2008) (citations omitted).

Thus, the Gobles have standing to bring the alleged class claims.

### IV.   FAILURE TO STATE A CLAIM

Trumbull also seeks dismissal of the Gobles' "window claim" under Federal Rule of Civil Procedure 12(b)(6). Under that rule, a lawsuit will be dismissed if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Nonetheless, the Court must read Rule 12 in conjunction with Federal Rule of Civil Procedure 8(a), which requires a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Ogle v. BAC Home Loans Servicing*

8

*LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013) (Smith, J.). Thus, the pleading's factual allegations, assumed to be true, must do more than create mere speculation or suspicion of a legally cognizable claim; they must show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). *See also* Fed. R. Civ. P. 8(a)(2). Further, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. As such, while a plaintiff is not required to set forth detailed factual allegations at the pleading stage, the complaint must contain a basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Id.* at 679.

With regard to the Gobles' window claim, there is no dispute that the Policy contained an enforceable two-year contractual limitation, that their original complaint (filed within two years of their injury) did not specifically say "windows," and that their FAC filed more than two years after their date of injury was the first time they specifically alleged that Trumbull breached their Policy with regard to window damage. Trumbull argues that these undisputed facts, clear from the face of the FAC, mean that the Gobles' window claim is time-barred. (Motion, PageIDs 1254–56.)

In response, the Gobles argue, among other things, that paragraph 55 of their original complaint "encompassed" their windows claim. (Memo Contra, PageIDs 1414–15.) That paragraph states:

9

> Additionally, Trumbull breached the Goble Policy by failing and refusing to promptly pay the amounts individually owed to Plaintiff as required by the terms of the Goble Policy. Specifically, Trumbull breached the Policy by failing to properly estimate and pay the amount of loss covered by the Policy. As a result, Plaintiff has been damaged in the amount of the unpaid portion of their claim.

(ECF No. 1.) Elsewhere in the original complaint, the Gobles alleged that they had filed a claim with Trumbull for damages incurred on or about September 1, 2019 and that Trumbull had determined that this property loss was covered by the terms of the Policy. (*Id*. ¶¶ 14–16.)

The Court agrees with the Gobles that the allegations in their original complaint reasonably encompassed their window claim. They set forth a short and plain statement that Trumbull had not fully paid the amounts owed to them under the Policy. Certainly, their FAC contains specificity that the original complaint did not with regard to alleged window damage. However, that lack of specificity would not have barred them from seeking damages related to their windows without the filing of the FAC—that is the purpose of discovery, to flush out the specific detail into what amounts the Gobles claim were owed and not paid under the Policy.[1] Thus, the Gobles' window claim was timely brought within the required two-year contractual limitation.

---

[1] That Court cannot consider the Gobles' deposition testimony as to their window damage under Rule 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Trumbull's Motion to Dismiss. (ECF No. 39.)

**IT IS SO ORDERED**.

<u>/s/ Sarah D. Morrison</u>
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
