UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN GOBLE and
PAULA GOBLE,

      Plaintiffs,

v.

TRUMBULL INSURANCE
COMPANY,

      Defendant.

:

:

:

Case No. 2:20-cv-5577
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On December 29, 2023, the Court denied John and Paula Goble's Motion for Class Certification, finding them inadequate class representatives. (ECF No. 95.) Now before the Court are (1) Plaintiff-Intervenor Robert Cunningham's Motion to Intervene or, Alternatively, to Seek to Represent the Putative Class as a Non-Party Class Representative (ECF No. 96); and (2) the Gobles' Motion to Send Pre-Certification Notice to the Putative Class or, in the Alternative, for 90-Days in which to Identify and Propose Additional Proposed Class Representatives (ECF No. 97). Trumbull Insurance Company responded (ECF Nos. 99, 100), and Mr. Cunningham and the Gobles filed their replies (ECF Nos. 102, 103). The Motions are now ripe for consideration.

For the reasons set forth below, both Motions are **DENIED**.

I.  BACKGROUND

The Court summarized the alleged facts in the December 29, 2023 Opinion and Order (ECF No. 95), but the facts relevant for purposes of the instant Motions are repeated and supplemented below.

The Gobles had a policy with Trumbull that insured against property damage to their residence. (ECF No. 24-1.) After a hailstorm damaged their windows, the Gobles submitted a claim to one of Trumbull's subsidiaries. (ECF No. 35, ¶¶ 14, 15; ECF No. 95, PAGEID # 9012.) In September 2019, the Gobles received an "actual cash value" ("ACV") payment of $11,694.78 before application of a $1,000 deductible. (ECF No. 25-2, PAGEID # 459.) When the Gobles notified Trumbull that their repair costs exceeded the ACV payment, Trumbull paid the "replacement cost value" ("RCV") by paying additional amounts to make up the difference between the ACV and RCV. (*See, e.g.*, ECF No. 25-4 (October 2019 RCV payment).)

During the relevant period, Trumbull routinely withheld the full cost of labor from ACV payments, including the Gobles' payment. (*See* ECF No. 71-3, PAGEID # 4741–43; ECF No. 38, ¶ 24.) The Gobles acknowledge that they received all depreciated labor costs in the RCV payments. (ECF No. 43, PAGEID # 1389; ECF No. 39-4, PAGEID # 1269.) They now contend that Trumbull's depreciation method violates its standard form policy, and they assert a breach of contract claim against Trumbull, seeking pre-judgment interest on the labor depreciation holdback. (ECF No. 35, ¶ 54); *see also* Ohio Rev. Code § 5703.47.

Unrelated to the labor cost depreciation issue, the Gobles also allege that Trumbull further breached the policy terms by refusing to fund the replacement of

all the windows on their home. (ECF No. 35, ¶ 55.) According to the Gobles, Trumbull disregarded manufacturer guidance and improperly determined that only certain components of a subset of windows required replacement. (*Id.*)

The Gobles challenged Trumbull's practice of depreciating labor costs from ACV payments on their own behalf and on behalf of a purported class of similarly situated policyholders. (ECF No. 35, ¶ 34.) In ruling on the Gobles' class certification motion, the Court observed that the Gobles' damages with respect to the labor depreciation issue could amount to less than $30 in pre-judgment interest (*see* ECF No. 71, PAGEID # 4608), while their damages associated with the window replacement issue are estimated to be over $150,000 (*see* ECF No. 80-20, PAGEID # 8111). (ECF No. 95, PAGEID # 9022.) Because it appeared that the individualized aspects of the Gobles' claim would take precedence over the representative aspects, the Court held that the Gobles were not adequate class representatives as required by Federal Rule of Civil Procedure 23(a) and declined to certify the class. (*Id.*, PAGEID # 9026.)

Fourteen days after the Court issued its class certification decision, Robert Cunningham, an Arizona homeowner with a Trumbull policy who suffered home damage and who received ACV payments from Trumbull from which "nonmaterial depreciation" was withheld, moved to intervene in this case to serve as class representative in place of the Gobles. (ECF No. 96.) The same day (January 12, 2024), the Gobles requested that the Court issue so-called "pre-certification" notice

3

to the putative class to identify new class representatives or give the Gobles additional time to do so themselves. (ECF No. 97.)

**II.    MOTION TO INTERVENE OR SERVE AS NON-PARTY CLASS REPRESENTATIVE**

Mr. Cunningham asks the Court to permit him to intervene, either by right or permissively, in this matter as a named plaintiff and proposed class representative. (ECF No. 46.) In the alternative, he requests that the Court allow him to represent the proposed class as a non-party class representative. (*Id.*)

**A.    Intervention as of Right**

Federal Rule of Civil Procedure 24(a) governs the right of putative class members to intervene in an action. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 n.4 (1983); *Grainger v. Ottawa Cnty., Michigan*, 90 F.4th 507, 513 (6th Cir. 2024). Pursuant to Rule 24(a), courts "must" allow intervention for anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).[1]

To prevail on a motion to intervene as of right, the Sixth Circuit requires the proposed intervenor(s) to establish four factors:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired

---

[1] Rule 24(a)(1) applies when the moving party has been given a right to intervene by statute. Mr. Cunningham does not request intervention pursuant to this subsection of the rule.

4

>in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Grainger*, 90 F.4th at 513 (quoting *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007)); *see also Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999). Each of these elements is mandatory, and failure to satisfy any one of the elements will defeat intervention. *See Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011).

Trumbull contends that Mr. Cunningham cannot meet any of these elements. (ECF No. 99, PAGEID # 9119–34.) In support of its position, Trumbull directs the Court to the Sixth Circuit's recent decision in *Grainger*. (*Id.*, PAGEID # 9120 (citing *Grainger*, 90 F.4th at 510–11).) There, plaintiff Grainger filed a putative class action against various Michigan counties, but the district court declined to certify the class, finding Grainger to be an inadequate class representative. *Grainger*, 90 F.4th at 510. Three days after class certification was denied, Behovitz, a putative class member, moved to intervene and serve as class representative in place of Grainger. *Id.* at 511. The district court denied Behovitz's motion, and the Sixth Circuit affirmed. *Id.* at 519. Initially, the Sixth Circuit expressed "serious concerns that [Behovitz's] purported interest—'pursuing his claim as a class action'—satisfies the substantial interest prong for intervention as of right." *Id.* at 513–14; *see also id.* ("[W]e have never held that a proposed intervenor has a substantial interest in the procedural mechanism by which litigation proceeds … this type of procedural interest likely cannot suffice to create 'an interest relating to the property or transaction that is the subject of the action.'"). The Sixth Circuit noted that courts

5

"allow intervention by absent class members of pre-certification or certified class actions when the intervenors have shown that the named plaintiff does not adequately represent their interests." *Id.* at 514. But those cases differ from actions in which class certification has been denied such that only the individual claims brought by the original named plaintiffs remain. *Id.* at 515. Because Behovitz had no interest in Grainger's remaining individual claim, Behovitz could only point to his interest in pursuing "the class action device itself," which "likely does not" constitute a "sufficient interest" for intervention by right. *Id.*

The Sixth Circuit did not affirmatively decide the "substantial interest" issue, however, because Behovitz also could not satisfy the impaired interest prong. "[I]ntervention is not required when it would only prevent litigants from facing the inconvenience of filing their claims in other litigation." *Grainger*, 90 F.4th at 516; *see also id.* ("Even if Behovitz could show that pursuing litigation as a class action constitutes a substantial interest, he has not shown that this interest will be impaired if he cannot intervene and continue *this* litigation as a class action.") (emphasis in original). Because Behovitz could have filed his own action instead of seeking to participate in Grainger's litigation, Behovitz was not entitled to intervene as of right. *Id.* at 516–17.

The Court agrees that *Grainger* is on point here. Mr. Cunningham has "failed to identify a cognizable substantial interest in the underlying litigation and has certainly failed to show that any asserted interest will be impaired absent intervention." *Grainger*, 90 F.4th at 513. Now that the Court has denied class

6

certification, only the Gobles' individual claims remain. (*See* ECF No. 95.) Although Mr. Cunningham may have had an interest in the outcome of *the class action*, he has not articulated an interest in *the Gobles' individual claims*—rather, he bases his interest on generalized "statute of limitations, duplicative litigation, and delay considerations." (ECF No. 102, PAGEID # 9245.) And even if a sufficient interest did exist, it would not be impaired absent intervention because Mr. Cunningham's claim is not time barred,[2] so he is free to file his own action rather than intervening in this case.[3]

Accordingly, Mr. Cunningham is not entitled to intervene in this litigation as a matter of right.

---

[2] *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 552–53 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."); *Crown*, 462 U.S. at 353–54, (same).

[3] What's more, currently pending before a Connecticut federal court is a separate putative class action against Trumbull, in which the named plaintiffs assert substantially similar labor cost depreciation allegations on behalf of individuals residing in multiple states, including Ohio and Arizona. *See Grawe et al. v. Trumbull Ins. Co.*, No. 3:23-cv-160 (D. Conn. Feb. 8, 2023). Counsel for the named plaintiffs in the Connecticut action—who also represent the Gobles and Mr. Cunningham in this Ohio action—agreed that "there is substantial overlap between the two actions." Order, *Grawe*, No. 3:23-cv-160 (D. Conn. Aug. 24, 2023). The parties here have not indicated whether Mr. Cunningham (or the Gobles) would be a member of the proposed class in the Connecticut action, but this Court's review of the amended complaint (which is nearly identical to that filed in this action) indicates that is a strong possibility.

## B. Permissive Intervention

Alternatively, Mr. Cunningham argues that the Court should grant him permissive intervention under Rule 24(b). (ECF No. 96, PAGEID # 9061.) Rule 24(b)(1)[4] provides that a court may exercise discretion to permit a timely motion for intervention by a party who has stated a common question of law or fact but must, in exercising this discretion, "balance undue delay and prejudice to the original parties." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005); *see also* Fed. R. Civ. P. 24(b)(1)(B), (b)(3).

The parties dispute the timeliness of Mr. Cunningham's Motion. (ECF No. 99, PAGEID # 9125–34; ECF No. 102, PAGEID # 9249–51.) For purposes of this Opinion, the Court will assume, without deciding, that the Motion is timely and presents a common question of law or fact because, as detailed below, intervention would create undue delays and prejudice to Trumbull.

Looking again to *Grainger*, the Sixth Circuit supported the district court's finding that that "permitting Behovitz to intervene would further delay resolving the dispute because it would require the parties to brief, and the district court to decide, a second motion for class certification." *Grainger*, 90 F.4th at 518. The same is true here—like Behovitz, Mr. Cunningham "specifically [seeks] to intervene to renew the class action aspect of the litigation." *Id.* (*See also* ECF No. 96, PAGEID # 9054 ("Mr. Cunningham's purpose in seeking intervention is to be appointed a

---

[4] Mr. Cunningham relies on Rule 24(b)(2) but, seeing as he is not "a federal or state governmental officer or agency," the Court assumes he means Rule 24(b)(1).

8

class representative and to seek class certification on behalf of the putative class.").) Moreover, as in *Grainger*, Mr. Cunningham's intervention could create additional "complications" that could result in undue delays and prejudice. *Grainger*, 90 F.4th at 518. Trumbull would be entitled to conduct additional discovery, even if such discovery is minimal as Mr. Cunningham insists. (ECF No. 102, PAGEID # 9251.) Considering further that Mr. Cunningham, an Arizona resident, would be suing Trumbull, a Connecticut resident, for breach of an Arizona insurance policy, the Court would need to undertake a jurisdiction and venue analysis to ensure Trumbull could be sued in an Ohio federal court.

Thus, the Court will not allow Mr. Cunningham to permissively intervene in this case.

### C. Non-Party Class Representation

As a last resort, Mr. Cunningham requests that the Court "permit him to seek to represent the class as a non-party class representative." (ECF No. 96, PAGEID # 9063.) He argues that Rule 23 does not require a class representative to be a named party and primarily points to cases outside this circuit for the proposition that non-named, absent class members may be appointed as class representatives. (*Id.*, PAGEID # 9063–64 (citing *Arnold v. State Farm Fire & Cas. Co.*, No. 2:17-cv-00148-TFM-C, 2020 WL 6879271, at *7, 11 (S.D. Ala. Nov. 23, 2020), and *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 343 n.97 (S.D.N.Y. 2004)).)

Putting aside the fact that the cases Mr. Cunningham cites involve certified classes or are distinguishable for other reasons, non-party representation is foreclosed here by the fact that there is no class to represent. As explained

9

previously, after the Court's denial of the Gobles' class certification motion, only the Gobles' individual labor cost depreciation claim remains. Mr. Cunningham cannot represent a class that does not exist.

### III. MOTION TO SEND PRE-CERTIFICATION NOTICE OR OBTAIN ADDITIONAL TIME TO IDENTIFY CLASS REPRESENTATIVES

Separate from but simultaneous with Mr. Cunningham's request to intervene and serve as class representative, the Gobles ask the Court to permit the issuance of so-called "pre-certification" notice to former putative class members so that the Gobles may identify willing and adequate replacement named plaintiffs. (ECF No. 97.) They also seek in the alternative a 90-day extension to ascertain other additional or substitute proposed class representatives. (*Id.*)

#### A. "Pre-Certification" Notice

Rule 23(c) details the requirements for notice to class members once a court certifies a class action. Fed. R. Civ. P. 23(c)(1)–(2). In addition, Rule 23(d)(1)(B) provides that "[i]n conducting an action under this rule, the court may issue orders that … require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members" of certain events or opportunities. Fed. R. Civ. P. 23(d)(1)(B). Notice may also be necessary when the class action is "settled, voluntarily dismissed, or compromised." Fed. R. Civ. P. 23(e); *see also* Fed. R. Civ. P. 23(e)(1)(B) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal [of settlement or dismissal] if giving notice is justified.").

Rule 23(d) and (e)'s notice requirements "appl[y] to putative class members as well as to certified class members." *Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 761 (6th Cir. 2005) (discussion). "Rule 23(e) may be applied where the district court has already rejected class certification." *Id.* at 764 (adopting reasoning articulated in *Culver v. City of Milwaukee*, 277 F.3d 908 (7th Cir. 2002)). "[A] district court should order Rule 23(e) notice where the putative class is likely to be prejudiced by the dismissal or settlement of a class-action suit." *Id.* at 763.

The Gobles reason that "[t]he procedures in Rule 23 enable [their] counsel to find, and the Court to permit, a suitable substitute class representative when a proposed class representative is deemed inadequate." (ECF No. 97, PAGEID # 9096.) They contend that Rule 23 empowers courts to "send notice to potential class members inviting intervention for the purpose of assuming the responsibility of the class litigation." (*Id.*, PAGEID # 9097 (citations omitted).)

But Rule 23 does not *mandate* notice to putative class members—rather, Rules 23(d) and (e) encompass only a "certified class," "a class proposed to be certified for purposes of settlement," or "class members." Fed. R. Civ. P. 23(d)(1)(B), (e), (e)(1)(B). Although some courts have invoked their discretion and applied the principles in Rules 23(d) and (e) to putative class members, the language of those rules does not obligate such an approach. *Id.*; *see also Wotus v. GenCorp, Inc.,* No. 5:00-cv-2604, 2004 WL 7333100, at *3 (N.D. Ohio May 17, 2004) (refusing to order notice to former potential class members after certification was denied and observing that "the plain language of [Rule 23(d)] indicates that notice is not

11

mandatory, but may be required by the court"); Fed. R. Civ. P. 23(d), advisory committee's notes to 1966 Amendment ("Subdivision (d)(2) does not require notice at any stage, but rather calls attention to its availability and invokes the court's discretion.").

Courts that have required notice to former putative class members after the denial of class certification typically do so "where putative class members are likely to be prejudiced." *Doe*, 407 F.3d at 764. The Gobles assert that the interests of former putative class members in this case "who may have been relying on the Gobles … to assert and advance their claims" would be injured absent notice of the opportunity to intervene. (ECF No. 103, PAGEID # 9269–70.)

The Court disagrees. The former putative class members benefit from the tolling of their statutes of limitations and may bring individual claims. *See American Pipe*, 414 U.S. at 560–61. As explained above, putative class members' interests are not impaired when they may bring their claims individually. *Grainger*, 90 F.4th at 516. And here, the interests of many if not most of these former potential class members are likely encompassed by and could be protected if class certification is granted in the currently pending action in Connecticut federal court. (ECF No. 35, ¶ 10); Am. Compl., *Grawe*, No. 3:23-cv-160 (D. Conn. Apr. 14, 2023).

To the extent the Gobles premise their Motion on finding a replacement named plaintiff or substitute class representative, in light of the Court's denial of their class certification motion, only their individual claims remain, so, as discussed above, any proposed intervenor must have a substantial interest in the underlying

12

merits of the individual litigation that may be impaired in the absence of intervention. The Gobles have failed to demonstrate that any would-be intervenor that might be identified through a notice process could satisfy *Grainger* and successfully intervene in the case either by right or permissively.

### B. 90-Day Extension

For many of the same reasons, the Court declines to put the issue on pause for 90 days so the Gobles may seek out an adequate class representative.

## IV. CONCLUSION

Plaintiff-Intervenor Robert Cunningham's Motion to Intervene or, Alternatively, to Seek to Represent the Putative Class as a Non-Party Class Representative (ECF No. 96) and the Gobles' Motion to Send Pre-Certification Notice to the Putative Class or, in the Alternative, for 90-Days in which to Identify and Propose Additional Proposed Class Representatives (ECF No. 97) are **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**